**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

MATTHEW JOHN OAKES,
*Plaintiff*,

v.

META PLATFORMS, INC.,
*Defendant*.

Case No. 3:25-CV-1004 (OAW)

**ORDER GRANTING MOTION TO DISMISS**

This action is before the court upon Defendants' Motion to Dismiss ("Motion"). ECF No. 25. The court has reviewed the Motion, Plaintiff's opposition brief, ECF No. 28, Defendants' reply brief, ECF No. 29, Plaintiff's sur-reply, ECF No. 32, and the record in this matter, and is thoroughly advised in the premises. For the foregoing reasons, the Motion hereby is **GRANTED.**

## I. BACKGROUND[1]

This case arises from Defendant's suspension of Plaintiff's Facebook, Messager, and Instagram accounts on May 17, 2025. ECF No. 1 ¶ 5. Plaintiff was an administrator for a page "dedicated to humorous child events" named after the "basketball player Michael Jordan internet meme, 'F*ck Them Kids." *Id.* ¶ 10. "At no time" were child sexual exploitation materials posted in the group. *Id.* ¶ 11. Defendant suspended the account, stating that Plaintiff's "account, or activity on it, doesn't follow [Defendant's] Community Standards on child sexual exploitation." *Id.* Plaintiff appealed the suspension, but was

[1] All factual allegations are taken from the Complaint, ECF No. 1, and are presumed true for the purpose of this ruling.

denied, and his account remained disabled. *Id.* ¶ 6. When Defendant suspended Plaintiff's account, Defendant "negligently communicated" the suspension to other administrators of the group. *Id.* ¶ 12. Members of the group contacted Plaintiff after being told that he was banned, and he has received messages on Tiktok "referring to him as a sex offender and pedophile." *Id.* ¶¶ 13, 22. Plaintiff, as a "former[] podcaster," ordained minister, and Justice of the Peace, faces "horrific stigmas and stereotypes" from Defendant's mislabeling of him. *Id.* ¶¶ 17–20. He states that he "has never in his life" sexually exploited a child, and that Defendant's accusations were "defamatory." *Id.* ¶ 8.

## II. LEGAL STANDARD

To withstand a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard is not a probability requirement, but the pleading must show, not merely allege, that the pleader is entitled to relief. *Id.* Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Id.* "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). However, when reviewing a 12(b)(6) motion to dismiss, the court must draw

all reasonable inferences in the non-movant's favor. *Roth v. Jennings*, 489 F.3d 499, 503 (2d Cir. 2007).

## III. **DISCUSSION**

Plaintiff has asserted that Defendant defamed him by falsely accusing him of child sexual exploitation. ECF No. 1. Defendant argues that the court lacks personal jurisdiction, and alternatively, that the case should be transferred to the Northern District of California because of a forum-selection clause in Defendant's Terms of Service. ECF No. 25. As the court finds Defendant's personal jurisdiction argument dispositive, it does not address Defendant's alternative argument.

### A. **Personal Jurisdiction**

"Whether a defendant is subject to personal jurisdiction involves a two-part analysis." *Belluomo v. Tiger Schulmann's Mixed Martial Arts*, No. 14-cv-4402, 2015 WL 5794356, at * 4 (E.D.N.Y. Sept. 30, 2015). "First, a district court must determine whether, under the laws of the forum state . . . there is jurisdiction over the defendant. *Id.* (citation modified). "Second, it must determine whether an exercise of jurisdiction under these laws is consistent with federal due process requirements." *Id.* (citation modified).

Therefore, the court turns first to determine whether the Connecticut long-arm statute authorizes personal jurisdiction over Defendant. Foreign corporations are subject to suit in Connecticut if the cause of action arises out of business solicited in this state, by mail or otherwise, if the corporation "has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state." Conn. Gen. Stat. § 33-929(f)(2). Whether it is permissible to exercise personal jurisdiction depends

on the "nature and quality of commercial activity that an entity conducts over the internet." *ICG America, Inc. v. Wine of the Month Club, Inc.*, No. 9-cv-133 (PCD), 2009 WL 2843261, at *3 (D. Conn. Aug. 28, 2009). There are three categories in determining whether the operation of a website is enough to establish personal jurisdiction:

> At one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. At the opposite end are situations where a defendant has simply posted information on the Internet Web site which is available to users in foreign jurisdictions. A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise [of] personal jurisdiction. The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.

*Id.* at *4.

"Interactive, commercial websites permit personal jurisdiction to be exercised over a defendant." *Id.* at 4. When a company uses a website to "make sales to customers in a distant state," it opens itself up to the jurisdiction of that state's courts. *Id.*

Here, though Defendant's website is interactive and commercial, Plaintiff's allegations are unrelated to the commercial portion of Defendant's website. Plaintiff asserts that the fact Defendant "mandated" he provide his location when he created his account establishes that it "solicited" business under Conn. Gen. Stat. § 33-929(f)(2). ECF No. 28 at 6, 8. However, this is not the case. *In re Helicopter Crash Near Wendle Creek, Brit. Columbia on Aug. 8, 2002*, 485 F. Supp. 2d 47, 54 (D. Conn. 2007) (concluding that defendant "never solicited business in Connecticut" under Conn. Gen. Stat. § 33-929(f)(2) because defendant "did not initiate any of [the] sales"; further noting

that plaintiff's claims did not "arise out of the alleged solicitations"). Even presuming Defendant met the "business solicited" requirement under Conn. Gen. Stat. § 33-929(f)(2), Plaintiff's claim for defamation is entirely unrelated to any such solicitation. *Bacarella Transp. Servs., Inc. v. J.M. Logistics, LLC*, No. 11-cv-00147, 2011 WL 4549400, at *3 (D. Conn. Sept. 29, 2011) (concluding that there was no personal jurisdiction, as plaintiff failed to allege "any relation between" the cause of action "and any internet solicitation" by defendant); *In re Helicopter Crash*, 485 F. Supp. 2d at 54 (concluding that there was no personal jurisdiction, because "even if [defendant] solicited business in Connecticut . . . the instant action is materially different from any action that might have resulted from the alleged solicitation"). Because Plaintiff's allegations fail to satisfy the first part of the two-prong personal jurisdiction inquiry under Connecticut's long-arm statute, the court does not address whether personal jurisdiction over Defendant would be consistent with due process under the United States Constitution. *Plimpton v. Bank of Jackson Hole*, No. 20-cv-323 (VAB), 2021 WL 765243, at *20 (D. Conn. Feb. 26, 2021) (concluding that because personal jurisdiction was not established under Connecticut's long-arm statute, "the Court need not and will not address the due process arguments"). Accordingly, Defendant's motion to dismiss is granted.

## IV. CONCLUSION

For the reasons discussed herein, the court hereby **GRANTS** Defendant's motion to dismiss **(ECF No. 25).** The Clerk of Court is respectfully directed to please close this case.

**IT IS SO ORDERED** at Hartford, Connecticut, this 31st day of August, 2026.

*/s/*
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE